UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

WILLIAM SCOTT DAVIS, JR.,

                                Civil No. 22-2854 (JRT/LIB)

          Petitioner,

v.

                              **MEMORANDUM OPINION AND ORDER**
JARED RARDIN, MERRICK GARLAND, and   **AFFIRMING MAGISTRATE JUDGE ORDER**
COLETT S. PETERS,

          Respondents.

---

      William Scott Davis, Jr., Reg. No. 84944-083, FMC Mental Health, PO Box 4600, Rochester, MN 55903, a *pro se* Petitioner.

      Ana H. Voss and Kristen Elise Rau, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondents.

      William Scott Davis, Jr. is currently incarcerated at FMC Rochester. He filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Along with his petition, he filed two applications to proceed in district court without prepaying fees or costs and a motion to appoint counsel. Davis also filed a "motion and notice" stating he declined to be heard by a United States magistrate judge, and instead requests to be heard by a district court judge. Magistrate Judge Leo I. Brisbois granted one application to proceed without prepaying fees and costs, denied the second application as moot, and denied the motion for attorney representation without prejudice. Judge Brisbois also denied the "motion and notice" with prejudice. Davis has appealed the Magistrate Judge's order.

Because the Magistrate Judge has authority to hear Davis's case and did not clearly err, the Court will affirm the order.

## BACKGROUND

On November 7, 2022, Davis filed a petition for writ of habeas corpus. (Pet. Writ Habeas Corpus, Nov. 7, 2022, Docket No. 1.) He challenges his sentence, arguing that his time credit was improperly calculated by 575 days, and that the Bureau of Prisons failed to properly implement programs and activities. (*Id.* ¶¶ 6–7.) Davis claims that he tried remedy these problems, but that his efforts resulted in threats, intimidation, and retaliation, among other problems. (*Id.* ¶ 7.)

Davis filed many documents along with his petition. Among other items, he filed two applications to proceed in district court without prepaying fees or costs. (1st Appl. Proceed Dist. Ct. Without Prepaying Fees or Costs, Nov. 7, 2022, Docket No. 2; 2nd Appl. Proceed Dist. Ct. Without Prepaying Fees or Costs, Nov. 7, 2022, Docket No. 3.) He also filed a motion for attorney representation, which noted that he previously had representation but does not currently. (Mot. Attorney Rep., Nov. 7, 2022, Docket No. 5.) Before the Court responded to his applications and motion for attorney fees, Davis filed a document entitled "Motion and notice," wherein he declined consent to be heard by a United States magistrate judge, instead seeking Article III district court judge review, and again asked for attorney representation. (Mot. and Notice, Nov. 16, 2022, Docket No. 6.)

On December 16, 2022, Magistrate Judge Leo I. Brisbois reviewed Davis's filings and issued an order. (Order, Dec. 16, 2022, Docket No. 10.) The order (1) granted Davis's

first application to proceed in district court without prepaying fees or costs; (2) denied the second application as moot; (3) denied Davis's motion for attorney representation without prejudice because there was "no reason to believe that litigating these actions would be so factually or legally complex as to warrant the appointment of counsel"; (4) denied the "motion and notice" request for attorney representation as moot, and (5) denied with prejudice the "motion and notice" request that this only be addressed by a district court judge. (Order at 1–2.) The Magistrate Judge explained that even though Davis wanted district court judge review, the federal statute governing magistrate judge responsibilities specifically gives magistrate judges authority to review habeas petitions. (*Id.* at 2 n.2.)

On December 30, 2022, Davis filed a "Motion for Certification 28 USC 636(c) Appeal" of the Magistrate Judge's order. (Mot. Certification, Dec. 30, 2022, Docket No. 17.) Davis seems to ask the Court to vacate the order and/or certify the order for interlocutory appeal. (*Id.*) On January 26, 2023, Davis again sought to appeal the Magistrate Judge's order, but this time due to "Fraud upon the Court" because he did not consent to magistrate judge review. (Notice of Appeal, Jan. 26, 2023, Docket No. 38.) The Court considers both of Davis's appeals simultaneously.[1]

---

[1] Since his petition was filed, Davis has also filed numerous motions pursuant to Federal Rules of Civil Procedure 52(b), 59(e), and 60(b)(1)(4)(6); motions for an emergency preliminary injunction, temporary restraining order, and preliminary injunction; a motion pursuant to 18 U.S.C. § 3624(d)(4); requested declaratory and injunctive relief under 28 U.S.C. § 2241; and other statutory provisions. Further, Davis filed a motion for Federal Rule of Civil Procedure 11 sanctions

**DISCUSSION**

**I.     STANDARD OF REVIEW**

Magistrate judges may hear and determine certain pretrial matters under the Federal Magistrate Judges Act.  28 U.S.C. § 636(b)(1)(A); *accord* D. Minn. LR 72.1(a)(2).  However, a magistrate judge's decision pursuant to § 636 is not considered a final order and initial review rests with the district court.  *LeGear v. Thalacker*, 46 F.3d 36, 37 (8th Cir. 1995) (citing *Gleason v. Sec'y of Health & Hum. Servs.*, 777 F.2d 1324, 1324 (8th Cir. 1985)).

The standard of review applicable to an appeal of a magistrate judge's order on nondispositive pretrial matters is extremely deferential.  *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007) (internal citation omitted).  The Court will reverse such an order only if it is clearly erroneous or contrary to law.  *Id.*; 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3).  "A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"  *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).  "A decision is contrary to law when it fails to apply or misapplies relevant

---

due to "Fraud on the Court" by Respondent's attorney Kristen Rau.  The Court will not consider those motions at this time and solely focuses its analysis on his appeal of the Magistrate Judge's December 16, 2022 order.

statutes, case law or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008) (internal quotation marks and citation omitted).

## II.   ANALYSIS

As a preliminary matter, because the Court liberally construes pro se filings and finds Davis's appeal difficult to discern, it will review both the Magistrate Judge's denial of the appointment of counsel and denial of district court judge review in order to give due consideration to Davis's arguments.

### A.   Appointment of Counsel

Habeas corpus proceedings are civil in nature, and thus no constitutional right to counsel exists. *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). District courts have wide discretion in determining whether to appoint counsel in habeas proceedings. *Prewitt v. Reiser*, No. 13-2866, 2014 WL 5325356, at * 5 (D. Minn. Oct. 20, 2014) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)). Denial of appointment of counsel is a nondispositive matter, which must heard by a magistrate judge and may be appealed to the district judge assigned to the case. *See Hollie v. Essentia Health Moose Lake Clinic*, No. 22-314, 2022 WL 2817107, at *1 (D. Minn. July 19, 2022); Fed. R. Civ. P. 72(a); LR 72.2(a)(1). The district court will only overturn a decision to deny counsel if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR 72.2(a)(3).

Here, the Magistrate Judge articulated that, as of now, the matter is not so factually or legally complex as to warrant appointing counsel and Davis has not shown

that he is unable to investigate this matter himself. (Order, Dec. 16, 2022, Docket No. 10.) His motion was denied without prejudice, which means that if circumstances change, Davis may submit another motion to appoint counsel.[2] Because Davis provides no evidence that this finding was clearly erroneous or contrary to law, the Court concludes that the Magistrate Judge did not clearly err in denying Davis's motion to appoint counsel. The Court will affirm the Magistrate Judge's denial of appointment of counsel.

### B. Magistrate Judge Review

Davis also filed two appeals challenging the Magistrate Judge's authority to hear his habeas corpus petition. (Mot. Certification; Notice of Appeal.) The first appeal suggests that the Magistrate Judge's order was impermissible because Davis did not consent to magistrate judge review. (Mot. Certification.) The second appeal claims fraud on the court, again citing Davis's refusal to consent to magistrate judge review pursuant to 28 U.S.C. § 636(c)(1). (Notice of Appeal.) The Court will address each argument individually.

First, magistrate judges can hear and issue a Report and Recommendation on habeas corpus petitions under the Federal Magistrate Judges Act. 28 U.S.C. § 636(b)(1)(B). A Report and Recommendation merely recommends how the district court

---

[2] Any renewed motion to appoint counsel will again be decided by the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A). The record suggests Davis filed another motion to appoint counsel on February 24, 2023, but the Magistrate Judge has not yet considered this motion. (Mot. G.A.L. and Attorney Rep., Feb. 24, 2023, Docket No. 41.) As such, the Court will not consider it here and it is not relevant to the Court's present analysis.

judge rules on the petition. Consent is only required for magistrate judges to issue a final judgment. *Sanders v. Dakota District Court*, No. 19-2743, 2019 WL 6838675, at *1 (D. Minn. Dec. 16, 2019). A Report and Recommendation on a habeas corpus petition is not considered a final judgment, so consent is not required. *Id.* After the Magistrate Judge issues a Report and Recommendation, Davis may file an objection to the Report and Recommendation that identifies any errors that Davis believes the Magistrate Judge made in their analysis. The Court will consider properly filed objections when later deciding whether to grant or deny his petition.

Because consent is not required for the Magistrate Judge to review Davis's petition, the Court will affirm the Magistrate Judge's denial with prejudice of Davis's request that this matter be addressed only by a district court judge.

Next, Davis appeals the Magistrate Judge's order on the basis of "fraud on the court" because he refused to consent to magistrate judge review. (Notice of Appeal, Jan. 26, 2023, Docket No. 38.) "Fraud on the court" does not apply here.[3] Fraud on the court requires "a lawyer's or party's misconduct so serious that it undermines or is intended to undermine the integrity of the proceeding." Fraud on the Court, *Black's Law Dictionary* (11th ed. 2019). Here, Davis only claims improper behavior by the Magistrate Judge—not

---

[3] Davis also seems to claim Fraud on the Court by Respondents' attorney Kristen Rau in his motion for sanctions. (Mot. for Sanctions, Jan. 25, 2023, Docket No. 35.) However, that is not relevant to the discussion of his fraud on the court argument that he did not consent to being heard by a magistrate judge.

by an attorney or party. (Notice of Appeal.) Because fraud on the court does not apply in this circumstance, the Court will again affirm the Magistrate Judge's order.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Certification 28 USC 636(c) Appeal ECF #10 and Vacate ECF # 10 Under 28 USC 363(c)(4) F.R. Civ. P. 73 [Docket No. 17] is **DENIED**;

2. Plaintiff's Notice of Appeal D.E. 10 [Docket No. 38] is **DENIED**; and

3. The Magistrate Judge's December 16, 2022 Order [Docket No. 10] is **AFFIRMED**.

DATED: March 14, 2023
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge