**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

WILLIAM SCOTT DAVIS, JR.,

Civil No. 22-2854 (JRT/LIB)

Petitioner,

v.

JARED RARDIN, MERRICK GARLAND, and
COLETT S. PETERS

Respondents.

**MEMORANDUM OPINION AND ORDER
DENYING PETITIONER'S APPLICATION TO
PROCEED IN FORMA PAUPERIS ON
APPEAL**

William Scott Davis, Jr., Reg. No. 84944-083, FMC Mental Health, P.O. Box
4600, Rochester, MN 55903, *pro se* Petitioner.

Ana H. Voss and Kristen Elise Rau, **UNITED STATES ATTORNEY'S OFFICE**, 300
South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondents.

Petitioner William Scott Davis, Jr. filed a petition for writ of habeas corpus pursuant

to 28 U.S.C. § 2241. Davis filed a "motion and notice" along with his petition that stated

that he declined to be heard by a United States magistrate judge and requested

appointment of counsel. The Magistrate Judge denied the "motion and notice" with

prejudice because magistrate judges have authority to review habeas petitions and

denied appointment of counsel because Davis failed to show that this case was so legally

or factually complex as to require counsel at this time. This Court affirmed the Magistrate

Judge's order on appeal. Davis has now appealed the Court's order to the Eighth Circuit

and has asked to proceed *in forma pauperis* ("IFP") on appeal. Because his appeal is an

improper interlocutory appeal and is therefore legally frivolous, the Court will deny

Davis's request for IFP status.

## BACKGROUND

On November 7, 2022, Davis filed a petition for writ of habeas corpus. (Pet. Writ

Habeas Corpus, Nov. 7, 2022, Docket No. 1.) He challenges his sentence, arguing that his

time credit was improperly calculated by 575 days, and that the Bureau of Prisons failed

to properly implement programs and activities. (*Id.* ¶¶ 6–7.)

Davis filed many documents along with his petition, including two applications to

proceed in district court without prepaying fees or costs,[1] a motion for attorney

representation,[2] and a "motion in notice" wherein he declined consent to be heard by a

United States magistrate judge, instead seeking Article III district judge review, and again

asked for attorney representation.[3] Magistrate Judge Leo I. Brisbois reviewed Davis's

filings and issued an order that (1) granted Davis's first application to proceed in district

court without prepaying fees or costs; (2) denied the second application as moot; (3)

denied Davis's motion for attorney representation without prejudice because there was

"no reason to believe that litigating these actions would be so factually or legally complex

---

[1] (1st Appl. Proceed Dist. Ct. Without Prepaying Fees or Costs, Nov. 7, 2022, Docket No. 2; 2nd Appl. Proceed Dist. Ct. Without Prepaying Fees or Costs, Nov. 7, 2022, Docket No. 3.)

[2] (Mot. Attorney Rep., Nov. 7, 2022, Docket No. 5.)

[3] (Mot. and Notice, Nov. 16, 2022, Docket No. 6.)

as to warrant the appointment of counsel"; (4) denied the "motion and notice" request for attorney representation as moot, and (5) denied the "motion and notice" request that this only be addressed by a district court judge with prejudice. (Order at 1–2, Dec. 16, 2022, Docket No. 10.)

Davis appealed the Magistrate Judge's order to the Court, asking the Court to vacate the order and/or certify the order for interlocutory appeal. (Mot. Certification, Dec. 30, 2022, Docket No. 17.) The Court affirmed the Magistrate Judge's order on March 14, 2023, explaining that consent is not required for magistrate judge review of habeas petitions because they are not final judgments. *Davis v. Rardin*, No. 22-2854, 2023 WL 2503499, at *3 (D. Minn. Mar. 14, 2023). The Court also affirmed the Magistrate Judge's denial of appointment of counsel because no constitutional right to counsel exists in civil actions like habeas corpus proceedings, and Davis had not shown that this matter is so legally or factually complex as to warrant counsel. *Id.* at *2–3.

On March 20, 2023, Davis filed a notice of appeal of the Court's March 14 order. (Notice of Appeal, Mar. 30, 2023, Docket No. 51.) Davis again argues that he does not consent to magistrate judge review and seeks to also appeal "all other issues that were denied" by the Magistrate Judge and upheld by the Court. (*Id.*) Davis has asked to proceed IFP on appeal. (IFP Mot., Mar. 30, 2023, Docket No. 52.)

**DISCUSSION**

A litigant who seeks to be excused from paying the filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915.  The *in forma pauperis* statute has been applied to prisoner and non-prisoner cases alike.  *See Nichole K. v. Commissioner of Social Security*, No. 19-1662, 2019 WL 3037087, at *1 n.1 (D. Minn. July 11, 2019).  To qualify for IFP status, the litigant must demonstrate that they cannot afford to pay the full filing fee.  28 U.S.C. § 1915(a)(1).

A party that seeks to proceed IFP on appeal must file a motion in district court.  Fed. R. App. P. 24(a)(1).  The "prior approval" clause allows a party that was permitted to proceed IFP in the district court action to proceed IFP on appeal without further authorization.  Fed. R. App. P. 24(a)(3).  However, a party that has received prior approval may not proceed IFP on appeal if the Court determines their "appeal is not taken in good faith."  Fed. R. App. P. 24; 28 U.S.C. § 1915(a)(3).  An appeal is taken in good faith when the party seeking review presents nonfrivolous issues.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  This is judged by an objective standard and not by the appellant's subjective point of view.  *Id.*  An appeal is frivolous "where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Martin v. MPLS Sch. Dist. No. 1*, No. 14-4462, 2015 WL 1020845, at *1 (D. Minn. Mar. 9, 2015).

Here, Davis has received prior approval to proceed without prepaying fees or costs at the district court.  (*See* Order at 2.)  However, the Court must still deny his request for

IFP status on appeal because his appeal is an improper interlocutory appeal and therefore legally frivolous.

Generally, a district court order cannot be appealed to a higher court until after the district court issues a final decision. *See* 28 U.S.C.A. § 1291 ("The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts.").  A final decision requires some manifestation by the district court that it has reached "the end of the case." *Hope v. Klabal*, 457 F.3d 784, 789 (8th Cir. 2006) (internal quotation and citation omitted).  An appeal that occurs before the district court issues a final decision is called an "interlocutory appeal." *Interlocutory Appeal, Black's Law Dictionary* (11th ed. 2019).  Interlocutory appeals are only permitted in certain circumstances, and courts "discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994) (citation omitted); 28 U.S.C.A. § 1292(a).  The court of appeals only has jurisdiction to hear appeals of final orders or proper interlocutory appeals.  28 U.S.C.A. §§ 1291, 1292.

The Court's March 14, 2023 order is not a final decision because the Court did not grant or deny Davis's petition for writ of habeas corpus.  The Court has therefore not reached "the end of the case." *Hope*, 457 F.3d at 789.  Moreover, though denial of appointment of counsel may sometimes be appealed before a final judgment, the Eighth Circuit has explained that interlocutory appeals of orders denying appointment of counsel in habeas proceedings are not immediately appealable. *Pena-Calleja v. Ring*, 720 F.3d

988, 989 (8th Cir. 2013).  Because the Court's order is not a final decision and denial of appointment of counsel in habeas proceedings is not immediately appealable, the Eighth Circuit lacks jurisdiction to hear Davis's appeal.  *See id.* (explaining that the Eighth Circuit "generally lack[s] jurisdiction over appeals of non-final orders").  The appeal is therefore legally frivolous.  *See Slangal v. Cassel*, 962 F. Supp. 1214, 1216–17 (D. Neb. 1997) (finding an action legally frivolous in part because there was no plausible jurisdiction).

Accordingly, the Court concludes that the appeal is not taken in good faith and must deny Davis's request to proceed IFP on appeal.  Davis may later appeal his case to the Eighth Circuit after the Court issues a final decision on his petition for writ of habeas corpus.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner's Motion to Proceed IFP on Appeal [Docket No. 52] is **DENIED**.

DATED:  April 11, 2023
at Minneapolis, Minnesota.                          JOHN R. TUNHEIM
                                                    United States District Judge