# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| William Scott Davis, Jr., | Case No. 22-cv-2854 (JRT/DLM) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Jared Rardin, Merrick Garland, and Colett S. Peters, | |
| Respondents. | |

This matter is before the Court on three of pro se Petitioner William Scott Davis, Jr.'s Motions filed during briefing[1] on his Amended Petition for a Writ of Habeas Corpus, (Doc. 42), including two Motions seeking a preliminary injunction or temporary restraining order ("TRO"), (Docs. 19, First Preliminary Injunction Motion, 20, Second Preliminary Injunction Motion), and a Motion Pursuant to Federal Rule of Civil Procedure 60(b) to Set Aside or Vacate the Magistrate Judge's Order at Docket Number 27, (Doc. 33). The case has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1 on these Motions. For the following reasons, the Court recommends that these Motions be denied.

---

[1] Briefing for this Amended Petition is still incomplete. Respondents' response to the Amended Petition is due by July 31, 2023. (Doc. 94.) If Mr. Davis wishes to reply to Respondents' response, his reply is due within 30 days of Respondents' response. (Doc. 10.)

## BACKGROUND

In 2017, a jury in the United States District Court for the Eastern District of North Carolina convicted Mr. Davis of cyberstalking and sending threatening communications. *See United States v. Davis*, No. 5:14-cr-0240 (E.D.N.C.). The court sentenced Mr. Davis to a 144-month term of imprisonment, which he is serving at the Federal Medical Center in Rochester, Minnesota ("FMC Rochester"). In his Amended Petition for a Writ of Habeas Corpus, Mr. Davis raises 50 grounds for relief, including—but not limited to—allegations that his release is overdue based on his earned credits or his eligibility under federal statute, Federal Bureau of Prisons ("BOP") policy, or various BOP programs; that the BOP has acted against its own policies; and that the BOP has violated his constitutional rights.[2]

---

[2] Specifically, the Court understands Mr. Davis to raise the following 50 grounds in his Amended Petition challenging: (1) the denial of due process because of disciplinary actions resulting in the loss of good conduct time credits; (2) the fraudulent fabrications of evidence that Mr. Davis has failed to pay his court fees and has refused to participate in a financial responsibility program; (3) the denial of access to programs, activities, and inmate administrative services during placements in segregated housing ("SHU") or on medical hold, and during allegedly illegal transfers between facilities; (4) the BOP's failure to release Mr. Davis when he has accrued good conduct and First Step Act time credits amounting to 575 days; (5) the statutory definition of a crime of violence under federal law for being unconstitutionally vague; (6) his conviction because of a change in the law on the amount of marijuana deemed criminal to manufacture; (7) his Judgment and Commitment Order which allegedly contains an error demonstrating that he was never charged or convicted; (8) the BOP's classification of Mr. Davis as having refused to participate in a financial responsibility program; (9) the BOP's failure to release Mr. Davis when he has accrued First Step Act time credits and should already about been released; (10) the futility of using the BOP's available administrative processes for resolving disputes and unconstitutional conduct by prison officials; (11) the BOP's unlawful deposits of stimulus payments from the IRS and unlawful financial encumbrances; (12) the deprivation of due process concerning electronic requests that Mr. Davis has made to the BOP while incarcerated; (13) the BOP's retaliatory actions in response to Mr. Davis' grievances; (14) Respondents' wilful and wanton disregard of the alleged deprivation of Mr. Davis' liberty interest in accelerated release; (15) that his First Step Act credits exceed

2

the remainder of his sentence; (16) that the BOP has failed to follow the law on managing aging, disabled inmates concerning Mr. Davis; (17) the BOP's denial of access to a typewriter and related supplies as retaliation for filing grievances and this Amended Habeas Petition; (18) that no set of conditions permit Mr. Davis' confinement; (19) that extraordinary circumstances warrant his compassionate release under 18 U.S.C. § 3582(c)(1)(A); (20) that the BOP has failed to follow the law on managing aging inmates; (21) that the BOP has failed to place him on home confinement; (22) that the BOP is unreasonably denying his requests for access to certain materials related to his case; (23) that Respondents are withholding evidence that would demonstrate Mr. Davis' innocence; (24) that Respondents are using impermissible factors to keep him in prison longer; (25) that the BOP is retaliating against him for exercising his First Amendment rights; (26) that the BOP has denied him due process concerning certain incident reports while incarcerated; (27) that the BOP has acted unlawfully in ways that exceed its statutory authority; (28) that he should be found actually innocent and has been denied his constitutional rights; (29) (this number appears to have been omitted in Mr. Davis' Amended Petition's grounds); (30) that the BOP has failed to properly interpret 18 U.S.C. § 3582(c)(1)(A); (31) that Respondents have unlawfully failed to consider his needs in determining his place of confinement; (32) that Respondents have misinterpreted congressional intent on recidivism-related calculations; (33) that he was not properly convicted of a crime of violence; (34) that Respondents have improperly calculated his appropriate release date under the Second Chance Act and considering COVID-19; (35) that Respondents have failed to properly calculate his appropriate release date under the First Step Act; (36) that Respondents have failed to accelerate his release appropriately in light of the elderly and family reunification offenders program; (37) that the BOP improperly encumbered his funds to pay already-paid court fees; (38) that the BOP has subjected him to retaliation because Mr. Davis has filed grievances; (39) that the BOP has failed to provide him with due process because they do not follow their policies, program statements, federal regulations, or the Administrative Procedure Act; (40) that Respondents have failed to properly account for his low recidivism risk in calculating his release date; (41) that Respondents have not properly interpreted the Second Chance Act and released him to home confinement or supervised release; (42) that the BOP has improperly interpreted the elderly offenders family reunification pilot program under which Mr. Davis would already be released; (43) that Respondents have failed to comply with 18 U.S.C. § 3621(e) under which he should already have been released; (44) that Respondents have not complied with their program statements in managing aging offenders; (45) that Respondents have failed to comply with 18 U.S.C. § 3621 under which he should already have been released; (46) that Mr. Davis is being unlawfully denied access to materials to challenge his sentence and conviction; (46) (this number appears twice in Mr. Davis' Amended Petition's grounds) that Respondents have improperly obstructed his accelerated release; (47) that Respondents have failed to properly interpret that he qualifies for early release because of his health conditions; (48) that Respondents have failed to comply with their policies and federal regulations in depriving him of accelerated release; (49) that Mr. Davis incorporates his

3

While the Court cannot yet consider Mr. Davis' Amended Petition on the merits because briefing is incomplete, it will address the aforementioned pending Motions for preliminary relief and to set aside or vacate a past Court Order.

## DISCUSSION

**I.     Petitioner's Motions for Preliminary Relief.**

In Mr. Davis's first Motion for an Emergency Preliminary Injunction, he argues that because he is indigent, he is "being arbitrarily and capriciously . . . denied access [to] the court" based on the Court's December 16, 2022 Order filed at Docket Number 10,[3] and that he is being denied "indigent typewrit[]er correction ribbons in violations of" various BOP program statements, the First Amendment, and the "disabled rehabilitation act 1973 sec 504 P/S 5200.06." (Doc. 19 at 1.)

In his Second Motion for a TRO/Preliminary Injunction, he reiterates his need for access to a typewriter and ribbon. (Doc. 20 at 1.) He claims that he requested these supplies from FMC Rochester, that all other BOP facilities provide such supplies, and that because he is likely to prevail on his Amended Habeas Petition, he will suffer irreparable harm

---

pro se submissions, including his § 2255 filings; and (50) that Respondents have committed various fraudulent acts, including denial of access to the courts. (Am. Pet. ¶ 13.)

[3] Magistrate Judge Leo I. Brisbois' December 16, 2022 Order at Docket Number 10 granted Mr. Davis' Application to Proceed in District Court without Prepaying Fees or Costs, denied his Motion to Appoint Counsel, and denied his request for the district judge to determine all aspects of his case rather than refer some portions to a magistrate judge. (Doc. 10.) Mr. Davis challenged that Order, (Docs. 13, 14, 17, 21, 38, 39), but the district court affirmed it, (Doc. 43). Therefore, to the extent that Mr. Davis bases his requested relief in his First Preliminary Injunction Motion on already-challenged errors in the December 16, 2022 Order, the Court finds such challenges foreclosed and need not consider them.

absent a preliminary injunction because he will have to hand-write his filings and his "illegible handwrit[]ing" has caused other courts to dismiss prior actions. (*Id.*) Petitioner further argues that he "placed FMC Rochester MN attorney K. Anders on notice [of the] TRO & Preliminary injunction[,]" and that his continued deprivation of these typewriter supplies constitutes an unlawful denial of access to the courts pursuant to caselaw. (*Id.*)

The Court finds that under the factors set forth in *Dataphase Sys. v. C.L. Sys.*, 640 F.2d 109, 114 (8th Cir. 1981), Mr. Davis has not shown the imminent risk of irreparable harm necessary for the Court to recommend granting him a preliminary injunction. In determining whether a preliminary injunction should issue, courts should consider: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict upon other parties litigant; (3) the probability that [the] movant will succeed on the merits; and (4) the public interest." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Dataphase*, 640 F.2d at 114). "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Id.* (citing *Mod. Computer Sys., Inc. v. Mod. Banking Sys., Inc.*, 871 F.2d 734, 737 (8th Cir. 1989) (en banc) (superseded by statute on other grounds)). Additionally, a preliminary injunction is an extraordinary remedy, and "in the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Id.* (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)).

The Court finds that although Mr. Davis claims he will be unable to litigate this case without the requested typewriter and related supplies, at present he has filed no less than

40 docket entries in this action after filing his Motions for preliminary relief, including his Amended Petition. (*See generally*, Docket, 22-cv-2854 (JRT/DLM).) He has also filed two new cases before this Court since filing these Motions. (*See Davis v. Rardin et al.*, 23-cv-0651 (PJS/DJF) (filed on March 16, 2023); *Davis v. Rardin*, 23-cv-1675 (ECT/DTS) (filed on June 5, 2023).) Such evidence demonstrates that Mr. Davis has been able to engage in active litigation of this case—and of two others—without the emergency relief that he seeks in these Motions. *Accord Fiorito v. Fikes*, No. 22-cv-0512 (WMW/HB), 2022 WL 2276734, at *3 (D. Minn. May 23, 2022), *R. & R. adopted*, 2022 WL 2275866 (D. Minn. June 23, 2022). Thus, Mr. Davis' Motions for injunctive relief fail the first factor of the *Dataphase* test, and the Court need not consider the remaining factors. *See Dataphase*, 640 F.2d at 114 (holding that the district court abused its discretion by granting a preliminary injunction without finding present the first factor—that the movant would suffer irreparable harm).

Accordingly, the Court finds that Mr. Davis has failed to allege anything in his Motions that would suggest an imminent risk of irreparable harm to his ability to prosecute this Amended Petition—or benefit fully from any relief that may be awarded—and recommends that the Court deny these two Motions seeking preliminary relief.

**II.   Petitioner's Motion Pursuant to Federal Rule of Civil Procedure 60(b) to Set Aside or Vacate Magistrate Judge Brisbois's January 13, 2023 Order.**

In his third Motion under consideration, Mr. Davis seeks to set aside or vacate Magistrate Judge Brisbois's January 13, 2023 Order (found at Doc. 27). That Order was issued in response to Respondents Jared Rardin, Merrick Garland, and Colett S. Peters'

6

First Request to Extend Time to Respond to Petition (Doc. 24). In their Request, Respondents asked the Court to "construe Petitioner's post-filing submissions supplementing his claims as a motion to supplement the petition" and to permit them additional time to respond. (*Id.* at 1.) Respondents also submitted a Proposed Order to the magistrate judge for their extension request. (Doc. 25.) Based on that Request and Proposed Order, the Court granted Respondents an extension to respond, and ordered Mr. Davis in the meantime to "submit a single amended petition containing all of the grounds on which he seeks relief in this § 2241 matter[.]" (Doc. 27 at 1–2.) Mr. Davis did so on March 6, 2023. (*See generally* Docs 42, 42-1, 42-2.)

In his Motion challenging the Court's January 13, 2023 Order, Mr. Davis argues that Respondents committed fraud on the Court in their filings at Docket Numbers 24 and 25. (Doc. 33 at 1.) He also reiterates the claim in his Amended Petition that he should have already been released. (*Id.*) Finally, he argues that he does not consent to magistrate judge authority in his case. (*Id.*)[4]

Federal Rule of Civil Procedure 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 842 (8th Cir. 2022) (quoting *In re Levaquin Prod. Liab. Litig.*, 739 F.3d 401, 404 (8th Cir. 2014)) (internal quotation marks omitted). The Rule outlines six grounds that may justify relief from a final judgment, order, or proceeding

---

[4] Because this argument on Mr. Davis' lack of consent to magistrate judge referrals is the subject of the December 16 Order at Docket Number 10 discussed above—which has been challenged and affirmed—the Court need not revisit this argument again here.

of the court. Among such grounds are "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]" Fed. R. Civ. P. 60(b)(3). "To prevail on [a] Rule 60(b)(3) claim, [the moving party] must show by clear and convincing evidence that [the opposing party] engaged in fraud or other misconduct and that this conduct prevented [the moving party] from fully and fairly presenting its case." *Wagstaff*, 40 F.4th at 842 (quoting *In re Levaquin*, 739 F.3d at 404) (internal quotation marks omitted). Courts have wide discretion when ruling on a Rule 60(b) motion. *Id.*

Having reviewed Respondents' Request and Proposed Order at Docket Numbers 24 and 25, the Court cannot discern how these documents constitute "fraud"—"extrinsic" or otherwise—on the Court, nor does Mr. Davis meet his burden to present clear and convincing evidence of such fraud. (*Id.*) Mr. Davis also has not shown that the Court deprived him of a life, liberty, or property interest by granting a brief extension of time for Respondents' response to his Petition—a requirement to prove an unlawful deprivation of the right to procedural due process. *See Chute v. Viken*, No. 5:17-cv-05061 (LLP), 2018 WL 4082569, at *4 (D.S.D. Aug. 27, 2018) (citing *Vaugh v. Ruoff*, 304 F.3d 793, 796 (8th Cir. 2002), *aff'd*, No. 18-3262, 2019 WL 1787821 (8th Cir. Mar. 7, 2019). Nor has Mr. Davis cited to any authority demonstrating that granting Respondents' Request without permitting a response "violated a fundamental constitutional right of the [petitioner] and that the alleged violation shocks the contemporary conscience." *Id.* (quoting *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 634 (8th Cir. 2010)). Finally, as a practical matter, requiring a briefing period for every deadline extension request would

8

significantly slow the pace of cases, which conflicts with Federal Rule of Civil Procedure 1's mandate that "the court and the parties" should apply its procedural rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Thus, the Court finds that Mr. Davis has failed to demonstrate that the Court should set aside or vacate Magistrate Judge Brisbois January 13 Order at docket number 27 under Rule 60(b), and recommends that the Court therefore deny his Rule 60(b) Motion.

## RECOMMENDATION

Based on the above, and on all the files, records, and proceedings in this action, **IT IS RECOMMENDED** that:

1) Petitioner William Scott Davis, Jr.'s Motion for Emergency Preliminary Injunction, (Doc. 19), be **DENIED**;

2) Mr. Davis' Motion for TRO/Preliminary Injunction, (Doc. 20), be **DENIED**; and

3) Mr. Davis' Motion Pursuant to Federal Rule of Civil Procedure 60(b) to Set Aside or Vacate the Magistrate Judge's Order at Docket Number 27, (Doc. 33), be **DENIED**.

DATED: July 11, 2023         *s/Douglas L. Micko*
                             DOUGLAS L. MICKO
                             United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written

objections to a magistrate judge's proposed finding and recommendations within 14 days after being served with a copy" of the Report and Recommendation.

A party may respond to those objections within 14 days after being served a copy of the objections. *See* D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).