UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

WILLIAM SCOTT DAVIS, JR.,

        Petitioner,

v.

JARED RARDIN, MERRICK GARLAND, and
COLETT S. PETERS

        Respondents.

Civil No. 22-2854 (JRT/DLM)

**MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING OTHER ORDERS**

---

William Scott Davis, Jr., Reg. No. 84944-083, FMC Mental Health, P.O. Box 4600, Rochester, MN 55903, a *pro se* Petitioner.

Ana H. Voss and Kristen Elise Rau, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondents.

Petitioner William Scott Davis, Jr. filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Davis has filed a multitude of motions since his petition was filed. Magistrate Judge Douglas L. Micko issued a Report & Recommendation ("R&R") recommending that the Court deny Davis's motions for an emergency preliminary injunction (Docket No. 19), a TRO/preliminary injunction (Docket No. 20), and to Set Aside or Vacate the Magistrate Judge's January 13, 2023 Order (Docket No. 33). Because Davis has not shown that he is entitled to preliminary relief and because Davis has not set forth "exceptional circumstances" to vacate the Magistrate Judge's January 13, 2023 Order, the Court will adopt the R&R and deny all three motions.

Davis has also filed three challenges to the Magistrate Judge's April 12, 2023 Order (Docket Nos. 81, 84, and 85), which the Court will deny because the Magistrate Judge's order was not clearly erroneous.

Further, Davis has filed multiple motions refusing to have a United States magistrate judge preside over his case (Docket Nos. 67, 75, 86), which the Court will deny because the Magistrate Judge has authority to consider Davis's habeas petition. Additionally, the Court will deny Davis's motion for recusal of Magistrate Judge Leo I. Brisbois (Docket No. 66) because this case has since been referred to Magistrate Judge Micko, so Davis's motion for recusal is moot.

Davis also asks the Court to vacate the order extending the Respondents' deadline to respond to Davis's petition (Docket No. 47), and the order denying Davis's application to proceed *in forma pauperis* on appeal (Docket No. 59). Because Davis has not set forth exceptional circumstances to vacate either order, and because his appeal was dismissed—rendering his IFP request moot—the Court will deny Davis's request.

Lastly, the Court will deny Davis's motions for summary judgment (Docket Nos. 98 and 99) because summary judgment is not available in habeas corpus proceedings.

## BACKGROUND

William Scott Davis, Jr. is currently incarcerated at the Federal Medical Center, Rochester ("FMC Rochester") and his projected release date is May 12, 2024. *Find an Inmate*, Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 31, 2023). Davis filed a petition for writ of habeas corpus on November 7, 2022. (Pet., Nov. 7, 2022,

Docket No. 1.) He then filed an amended petition for habeas corpus under 28 U.S.C. § 2241 challenging, among other things, how his sentence was carried out, the duration of his sentence, and the Bureau of Prisons' ("BOP") failure to implement First Step Act programming. (*See generally* Am. Pet., Mar. 6, 2023, Docket No. 42.) In total, Davis raises over fifty grounds for relief. (*Id.*)

The Court has not yet issued a decision on Davis's petition for habeas relief but has issued several orders pertaining to Davis's other motions. (*See, e.g.,* Mem. Op. Order, Mar. 14, 2023, Docket No. 43; Mem. Op. Order Den. IFP Application, Apr. 11, 2023, Docket No. 59.) The Magistrate Judge has also issued an R&R on various motions, to which Davis objects. (R. & R., July 11, 2023, Docket No. 111; Obj. R. & R., July 21, 2023, Docket No. 113.)

## DISCUSSION

For the sake of clarity, the Court will group Davis's motions into four categories: (1) those that were addressed by the Magistrate Judge in the R&R; (2) challenges to the Magistrate Judge's April 12, 2023 Order; (3) challenges to magistrate judge review, and (4) the request to set aside and vacate Docket Nos. 47 and 59.

### I.  REPORT AND RECOMMENDATION

The Magistrate Judge's R&R addressed three motions: Davis's first preliminary injunction motion (Docket No. 19), Davis's second preliminary injunction motion (Docket No. 20), and Davis's request to set aside or vacate the Magistrate Judge's January 13, 2023 Order (Docket No. 33). (R. & R. at 1.) The Magistrate Judge recommended that the Court

deny each motion. (*Id.* at 9.) Davis objects to the R&R, providing no specific grounds for his objection, but noting that he lacks access to "legal materials." (Obj. R. & R. at 1.)

After an R&R is filed by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Crim. P. 59(b)(2); *accord* 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07–1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews "properly objected to" portions of an R&R *de novo*. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

Davis's challenges to the R&R are general and seem to merely repeat arguments that he previously raised with the Magistrate Judge. (*See* Obj. R. & R.) Accordingly, the R&R will only be reviewed for clear error.

### A. Preliminary Relief Motions

Davis has filed two motions requesting preliminary relief. In his first motion for preliminary relief, Davis states that he has been denied a typewriter, electronic law library printing, and typewriter ribbons and correction ribbons. (1st Mot. Preliminary Injunction, Dec. 30, 2022, Docket No. 19.) He appears to claim that he is unable to access court

records without the typewriter materials.  (*Id.*)  In his second motion for preliminary relief, Davis again states that he has been denied the use of a typewriter, ribbon, and tape, and that he struggles to handwrite and, accordingly, is denied access to the Court.  (2nd Mot. Preliminary Injunction, Jan. 5, 2023, Docket No. 20.)  The Magistrate Judge recommended the Court deny both motions because Davis has not shown an imminent risk of irreparable harm to warrant preliminary injunctive relief.  (R. & R. at 5.)

Whether a preliminary injunction should issue requires the Court to consider: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that the movant will succeed on the merits; and (4) the public interest."  *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981).

Here, Davis is not entitled to preliminary injunctive relief because he has failed to show that he will be irreparably harmed unless he obtains the necessary typewriter equipment.  Davis has successfully filed dozens of documents with the Court since he filed his two requests for preliminary relief, so the Court is confident that he can litigate his case without the requested typewriter equipment.  Davis has made no other showing that he will be irreparably harmed, so he has failed to satisfy the first *Dataphase* factor.  The

Court need not consider the remaining factors. Accordingly, the Court will adopt the R&R and deny Davis's requests for preliminary relief.[1]

### B. Motion to Vacate January 13, 2023 Order

The Magistrate Judge's R&R also addressed Davis's Motion pursuant to Federal Rule of Civil Procedure 60(b) to set aside and vacate the Court's January 13, 2023 Order. (Mot. Set Aside DE 27, Jan. 25, 2023, Docket No. 33.) The order at issue granted Respondents' request to extend the deadline for Respondents to respond to Davis's petition for habeas corpus. (Order, Jan. 13, 2023, Docket No. 27.) The January 13, 2023 Order also required Davis to submit a single amended petition for habeas corpus that contains all the grounds upon which he seeks relief. (*Id.*) Davis seems to argue that the January 13, 2023 Order should be vacated based on fraud upon the Court, that he should already have been released from prison, and denial of due process. (Mot. Set Aside DE 27 at 1.) The Magistrate Judge recommended the Court deny this motion because Davis has not made a showing of "exceptional circumstances." (R. & R. at 7.)

---

[1] It should be noted that Davis has filed at least two additional motions for preliminary relief that were not addressed in the Magistrate Judge's R&R. (Mot. TRO and Preliminary Injunction, Apr. 17, 2023, Docket No. 62; Rule 65 Mot., May. 15, 2023, Docket No. 79.) Because the motion filed at Docket No. 79, which he titles "Motion R.R.Civ. P. 65: Injunction prohibiting responded retaliations denial of indigent type writer ribbons & correction tape, ELL reprints at respondent expence," raises the same grounds for preliminary injunctive relief as the motions addressed in the R&R, and because he has again not shown that he will be irreparably harmed by the supposed lack of typewriter equipment, that motion will also be denied.

The Court may grant relief from a final order or judgment under Rule 60(b) based on particular circumstances, including mistake, excusable neglect, or any other reason that justifies relief.  Fed. R. Civ. P. 60(b).  But a Rule 60(b) motion "is not a vehicle for simple reargument on the merits."  *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).  Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of **exceptional circumstances**."  *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008) (emphasis added) (citation omitted).  Rule 60(b)(3) specifically grants relief when a final judgment, order, or proceeding was based on fraud, misrepresentation, or misconduct by an opposing party.  Fed. R. Civ. P. 60(b)(3).

Here, Davis has provided no explanation or evidence of any fraud.  The January 13, 2023 Order simply grants Respondents' request for an extension of time to respond to Davis's petition—and Davis has not provided any basis for the Court to find that such an extension deprived him of his right to due process.  In order words, Davis has not alleged that the Magistrate Judge's January 13, 2023 Order "deprived [him] of life, liberty, or property."  U.S. Const. am. V.  Because Davis has not set forth "exceptional circumstances" that justify vacating the January 13, 2023 Order, the Court will adopt the Magistrate Judge's recommendation and dismiss this motion.

In sum, the Court will overrule Davis's objections to the R&R, adopt the R&R in its entirety, and deny Davis's motions (Docket Nos. 19, 20, and 33).

## II. MAGISTRATE JUDGE'S APRIL 12, 2023 ORDER

Next, Davis has filed several challenges to the Magistrate Judge's April 12, 2023 Order. The Magistrate Judge issued an order on April 12 denying twelve motions filed by Davis for, among other things, sanctions and appointment of counsel. (*See generally* Apr. 12 Order, Apr. 12, 2023, Docket No. 60.) Davis has now filed three motions challenging that order.

First, Davis filed a "Standing Objection to denial of Appointment of Counsel Motions." (Obj. Appointment of Counsel, May 17, 2023, Docket No. 81.) In this objection, he seems to suggest that the Bureau of Prisons has not complied with the First Step Act's programming, time credit, and compassionate release requirements. (*Id.* at 1.) He also claims that this case is complex and that he has been unable to access documents to investigate his claims. (*Id.* at 3–4.) The Court construes Davis's motion as an appeal of the Magistrate Judge's April 12, 2023 Order.

Second, Davis filed a "Motion to set Aside and Vacate ECF 60 pursuant to Rule 60(b) & (d)." (Mot. Vacate Docket No. 60, May 17, 2023, Docket No. 84.) In this motion, he seems to claim fraud upon the Court, asks for the disqualification and removal of Magistrate Judge Brisbois, requests injunctive relief, and asserts that Magistrate Judge Brisbois arbitrarily and capriciously denied his request for appointment of counsel. (*See generally id.*)

Third, Davis filed a document titled "Objections to ECF 60 and Notice of Appeal ECF 60," which the Court will construe as an appeal. (Obj. to ECF 60, May 17, 2023, Docket

No. 85.)  In this document, Davis seems to assert that the Magistrate Judge erroneously represented his motions as "letters."  (*Id.* at 1.)  He also again asserts that the Bureau of Prisons failed to properly calculate his time credits and that he needs the assistance of counsel.  (*Id.* at 2.)

The standard of review applicable to an appeal of a magistrate judge's order on nondispositive pretrial matters is extremely deferential.  *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007) (internal citation omitted).  The Court will reverse such an order only if it is clearly erroneous or contrary to law.  *Id.*; 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3).  "A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"  *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). "A decision is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure."  *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008) (internal quotation marks and citation omitted).

The Court has reviewed the Magistrate Judge's April 12, 2023 Order and concludes that the Magistrate Judge did not commit clear error.  Davis has repeatedly sought counsel, and the Court has repeatedly declined to grant him counsel.  (*See* Mem. Op. Order at 5–6, Mar. 14, 2023, Docket No. 43.)  The trial court has discretion to appoint counsel in habeas cases. *See McCall v. Benson*, 114 F.3d 745, 756 (8th Cir. 1997).  Courts

should consider the "factual and legal complexity of the case, and the petitioner's ability both to investigate and to articulate his claims without court appointed counsel." *Id.* The Magistrate Judge did not commit clear error in considering Davis's request for appointment of counsel and concluding that there is no reason to believe that litigating these actions would be so complex as to warrant the appointment of counsel. Davis has repeatedly filed motions with the Court—without the assistance of counsel—and has set forth no evidence showing that this case is particularly complex so as to warrant representation. Accordingly, the Court will affirm the Magistrate Judge's April 12, 2023 Order denying the appointment of counsel.

To the extent that Davis objects to the Magistrate Judge's interpretation of his motions as "letters," the Court finds that the Magistrate Judge did not clearly err. The Magistrate Judge reviewed three letters from Davis entitled "Motion Rule 52(b)," "Motion to F.R. Civ. P. 59(e)," and "Motion Rule 60(b)(1)(4)(6)." (Apr. 12 Order at 1.) Though Davis titled these documents "motions," the Court construed them as objections to the Court's December 16, 2022 Order. This was not clear error because all three motions challenged the Court's prior order, so it was proper to construe them as "objections." *See* D. Minn. LR 72.2(a) (noting that parties may "file and serve objections" to Magistrate Judge orders). As to Davis's request that Magistrate Judge Brisbois be removed from this case,

that matter is now moot because this action has since been reassigned to Magistrate Judge Douglas L. Micko.[2]

Finally, many of the challenges raised in these motions simply reiterate the issues Davis raises in his habeas petition, such as time credit calculation and his request for immediate release from prison. (*See* Am. Pet. at 3, 6.) Because these requests are duplicative of his habeas petition, it was not clearly erroneous for the Magistrate Judge to dismiss these arguments. *See Aziz v. Burrows*, 976 F.2d 1158, 1158–59 (8th Cir. 1992) ("[D]istrict courts may dismiss duplicative complaints under section 1915(d)"). And, as the Court has already explained, Davis has not shown that he is entitled to any preliminary injunctive relief because he has not made a showing that he will be irreparably harmed absent an immediate injunction. Nor has he made a showing of any fraud or other "exceptional circumstances" that justify vacating the April 12, 2023 Order.

Because the Magistrate Judge did not commit clear error in the April 12, 2023 Order, the Court will affirm it and deny Davis's motions/objections challenging it.

### III. MAGISTRATE JUDGE REVIEW

Davis has filed several motions challenging the Magistrate Judge's review of his habeas petition. First, Davis filed a motion to vacate the Court's order affirming that the Magistrate Judge may review his petition. (Mot. Vacate ECF 43, Apr. 20, 2023, Docket No.

---

[2] For this same reason, the Court will also deny Davis's motion for recusal of Magistrate Judge Brisbois. (Mot. Recusal, Apr. 20, 2023, Docket No. 66.)

67; Mem. Op. Order at 6–7.) Davis requested that the referral to the Magistrate Judge be "rescinded, witdrawn [sic], recalled." (Mot. Vacate ECF 43 at 1.)[3] He also claims that the Magistrate Judge never informed him that he must file objections within fourteen days of magistrate judge orders. (*Id.*)  Second, Davis filed a motion titled "Motion 28 USC 636(c)(4) & (6); Rule 73(b) Void referral to USMJ." (Mot. Void Referral, May 11, 2023, Docket No. 75.) Third, he filed a motion for interlocutory appeal, asserting that he should be permitted to proceed with an Article III judge instead of a magistrate judge. (Mot. Interlocutory Appeal, May 17, 2023, Docket No. 86.)

The Court has repeatedly explained to Davis that magistrate judges can hear and issue an R&R on habeas corpus petitions under the Federal Magistrate Judges Act. 28 U.S.C. § 636(b)(1)(B). As the Magistrate Judge has informed Davis, he may object to any R&R issued by the Magistrate Judge within 14 days after being served a copy. (R&R at 9–10.) After the magistrate judge issues an R&R—and Davis files an objection, if he so desires—an Article III judge will consider the case. Consent is only required for magistrate judges to issue a final judgment. *Sanders v. Dakota Dist. Ct.*, No. 19-2743, 2019 WL 6838675, at *1 (D. Minn. Dec. 16, 2019). An R&R is not considered a final judgment, so consent from Davis is not required. *Id.* Because consent is not required for the Magistrate Judge to review Davis's habeas petition, the Court will deny these motions.

---

[3] In this motion, Davis also reiterates many of the arguments that have already been addressed by the previous order, such as his request for appointment of counsel and his claims regarding his time credits. The Court will therefore not address them again here.

Moreover, the Court will decline to certify this issue for interlocutory appeal. The federal courts of appeals have jurisdiction over "all final decisions of the district courts." 28 U.S.C. § 1291. Under certain circumstances, a district court may determine that an otherwise non-final order may be certified for interlocutory appeal under 28 U.S.C. § 1292(b). A party seeking certification for an interlocutory appeal must show that "(1) there is a controlling question of law, (2) there is a substantial ground for difference of opinion as to that controlling question of law, and (3) an immediate appeal may materially advance the ultimate termination of litigation." *Shukh v. Seagate Tech., LLC*, 872 F. Supp. 2d 851, 860 (D. Minn. 2012) (citation omitted). Here, there are no grounds for a substantial difference of opinion: it is clear under federal law that magistrate judges have authority to review habeas petitions. Moreover, Davis has not shown that interlocutory appeal may materially advance the termination of this litigation, and this issue is not controlling in this matter. Accordingly, this issue it not appropriate for interlocutory appeal and the Court will deny Davis's request.

### IV.     REQUEST TO VACATE DOCKET NOS. 47 AND 59

Next, Davis filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(1) asking the Court to set aside and vacate two of the Court's previous orders (Docket Nos. 47 and 59). (Mot. Vacate 47 and 59, May 17, 2023, Docket No. 83.) The first is a Magistrate Judge order that extended the deadline for Respondents to respond to Davis's habeas petition. (Order, Mar. 22, 2023, Docket No. 47.) The second is an order denying

Davis's application to proceed *in forma pauperis* ("IFP") on appeal. (IFP Order, Apr. 11, 2023, Docket No. 59.)

As discussed, the Court may only vacate an order pursuant to Rule 60(b) if the moving party sets forth "exceptional circumstances." Rule 60(b)(1) specifically provides relief in the event of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Davis has made no showing that either order was based on any mistake. Docket No. 47 merely extended the deadline for Respondents to respond to Davis's Amended Petition, and Davis has not shown that he would be injured or otherwise harmed by the delay. Davis has also not shown how Docket No. 59 was erroneous. Docket No. 59 denied Davis's request for IFP status because it was a procedurally improper interlocutory appeal and therefore legally frivolous. (IFP Order at 1–2.) Moreover, the Eighth Circuit has already dismissed Davis's appeal as "premature," and explained that it lacks jurisdiction to consider it. (USCA Judgement, Apr. 20, 2023, Docket No. 69.) Davis's request to proceed IFP on appeal is therefore moot because the appeal has already been dismissed. Because Davis has not set forth proper grounds to vacate these orders, his motion will be denied.

**V.     SUMMARY JUDGMENT**

Finally, Davis has filed two motions for summary judgment. In his first motion for summary judgment, Davis asks the Court for immediate release because his accrued First Step Act time credits exceed the remainder of his sentence. (1st Mot. Summ. J., June 8, 2023, Docket No. 98.) In his second motion for summary judgment, Davis appears to ask

the Court to find him actually and factually innocent and release him from incarceration immediately based on the United States' suppression of exculpatory evidence. (2nd Mot. Summ. J., June 8, 2023, Docket No. 99.) The District of Minnesota has previously explained that "motions for summary judgment are not proper in habeas cases." *Jones v. Wilson*, No. 14-3246, 2015 WL 4727285, at *2 (D. Minn. Aug. 7, 2015) (citing *Bauer v. Gonzales*, No. 06-1763, 2006 WL 2735460, at *3 (D. Minn. Sept. 25, 2006)). Because this is a habeas case, Davis's motions for summary judgment are improper and the Court must deny them.

## CONCLUSION

As outlined above, the Court will overrule Davis's objections, adopt the Magistrate Judge's R&R, and deny his motions accordingly. The Court will also deny the other motions addressed in this Order. Finally, to promote efficiency for the Court and the parties and given Davis's history of filing multiple motions and other papers, the Court will direct Davis not to file any additional motions or similar request for relief without prior permission from the Count or until the Magistrate Judge issues an R&R on Davis's amended habeas petition. Once the R&R is issued, Davis retains the right to file objections to it in accordance with the Local Rules.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Objection to the Magistrate Judge's Report and Recommendation [Docket No. 113] is **OVERRULED;**

2. The Magistrate Judge's Report & Recommendation [Docket No. 111] is **ADOPTED;**

3. Petitioner's Motion for Emergency Preliminary Injunction [Docket No. 19] is **DENIED;**

4. Petitioner's Motion for TRO/Preliminary Injunction [Docket No. 20] is **DENIED;**

5. Petitioner's Motion Pursuant to Federal Rule of Civil Procedure 60(b) to Set Aside or Vacate the Magistrate Judge's Order at Docket No. 27 [Docket No. 33] is **DENIED;**

6. Petitioner's Motion R.R.Civ.P 65: Injunction prohibiting responded retaliations denial of indigent type writer ribbons & corrections tape, ELL repreints at respondent expense [Docket No. 79] is **DENIED;**

7. Petitioner's Appeal of denial of appointment of counsel motions [Docket No. 81] is **DENIED;**

8. Petitioner's Motion to set Aside and Vacate ECF 60 pursuant to Rule 60(b) & (d) [Docket No. 84] is **DENIED;**

9. Petitioner's Objections to ECF 60 and Notice of Appeal ECF 60 [Docket No. 85] is **DENIED;**

10. The Magistrate Judge's April 12, 2023 Order [Docket No. 60] is **AFFIRMED;**

11. Petitioner's Motion for Recusal of Magistrate Judge Leo I. Brisbois [Docket No. 66] is **DENIED;**

12. Petitioner's Motion to Vacate Order 43 Order Re: Appeal/Objection of Magistrate Judge Decision [Docket No. 67] is **DENIED;**

13. Petitioner's Motion 28 U.S.C. § 636(c)(4) & (6); Rule 73(b) Void Referral USMJ [Docket No. 75] is **DENIED;**

14. Petitioner's Motion for Interlocutory Appeal ECF 51 [Docket No. 86] is **DENIED;**

15. Petitioner's Motion Pursuant to F.R.civ.P 60(b)(1) Set aside and vacate ECF 47 & 59 [Docket No. 83] is **DENIED;**

16. Petitioner's Motion for Summary Judgment Immediately Release Interpretation of Statutes for My Release [Docket No. 98] is **DENIED;**

17. Petitioner's Motion for Summary Judgment Actual and Factual Innocence [Docket No. 99] is **DENIED;** and

18. Until there is an R&R issued on Petitioner's amended habeas petition, Petitioner shall not file any additional motions or requests for relief without prior permission from the Court. To request permission, Petition shall file a letter with the Court that briefly describes his proposed motion and requests permission to file the motion.

DATED: August 16, 2023
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge